IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**APRIL NIDA;**
**CURTIS STULL;**
**JAMIE GRACE;**
**LOGAN SHEPPARD;**
**TIMOTHY STONE;**
**ERIC GRACE; AND**
**TEZ MARIO A. D. DAVIS,**
**INDIVIDUALLY AND ON BEHALF OF ALL PERSONS**
**SIMILARLY SITUATED AS MEMBERS OF**
**THE COLLECTIVE AS PERMITTED**            **PLAINTIFFS**

**V.**           **CIVIL ACTION NO.:** 1:23cv365 TBM-RPM

**TACTICAL FORCE LLC; AND**
**PRESTON RENARDO JOHNSON, INDIVIDUALLY**          **DEFENDANTS**

<u>**PLAINTIFFS' INDIVIDUAL AND COLLECTIVE COMPLAINT**</u>
<u>**JURY TRIAL DEMANDED**</u>

    **COMES NOW** before this Honorable Court, the Plaintiffs April Nida, Curtis Stull, Jamie Grace, Logan Sheppard, Timothy Stone, Eric Grace, and Tez Mario A. D. Davis[1], individually and on behalf of all others similarly situated, as class representatives, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possess and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and brings this cause of action against Defendant Tactical Force LLC., (hereinafter referred to as "TFL"), and Preston Renardo Johnson, individually as an Employer pursuant to the FLSA, in so doing states the following:

---

[1] Plaintiffs' Consents to be a party to this FLSA collective action are collectively attached hereto as Exhibit "A."

1

## NATURE OF THE ACTION

1. Plaintiffs, April Nida, Curtis Stull, Jamie Grace, Logan Sheppard, Timothy Stone, Eric Grace and Tez Mario A. D. Davis alleges individually and on behalf of themselves and other similarly situated current, former and future employees of the Defendants, (Hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that they, under both federal and state wage laws, is entitled to be paid time and half for all hours worked over forty (40) hours per week at the correct rate of pay which includes all compensation.

2. Plaintiffs bring claims for owed overtime wages that are summarized as follows:

   a. Defendants failed to pay overtime wages at an overtime rate of pay, i.e.: paying overtime hours at straight-time rate of pay.

   b. Defendants failed to pay for all overtime hours worked, i.e.: Defendants shaved work hours of the Plaintiffs and Collective resulting in failure to pay overtime work hours in any manner.

   c. Defendants' failure to pay for overtime work hours for training.

3. In addition to the above-described failures to pay overtime, Plaintiffs also claim improper deductions from their overtime wages in that Defendants took portions of Plaintiffs overtime wages for taxes yet paid none of those taxes to the IRS and/or other governmental authorities, rather Defendants retained those funds, thereby not paying all earned overtime wages.

4. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay and/or not paid for all hours worked.

5. Plaintiffs, in their individual and Collective claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices and attorneys' fees and costs.

6. Plaintiffs seek injunctive and declaratory relief for the classes non-monetary claims.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

8. The Court is authorized to issue a declaratory judgment.

9. Venue is proper in this Court.

10. Defendants do business and are a resident of this District and Division of Federal Court.

11. Defendants conduct business in Mississippi and other states, thereby engage in Commerce.

12. Plaintiffs individually engaged in commerce by doing business of the Defendants in Mississippi and other states.

13. Defendants' sales exceed $500,000 per year.

## FACTS REGARDING THE PLAINTIFFS

14. Plaintiffs April Nida, Curtis Stull, Jamie Grace, Logan Sheppard, Eric Grace, Timothy Stone and Tez Mario A. D. Davis are residents of the State of Mississippi.

15. Plaintiffs were employed by TFL as employees of the Defendants and Plaintiffs worked beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay or pay all worked hours.

16. Plaintiffs April Nida, Curtis Stull, Jamie Grace, Logan Sheppard, Eric Grace, Timothy Stone and Tez Mario A. D. Davis, worked as hourly non-exempt employees of Defendants.

17. Plaintiffs April Nida, Curtis Stull, Jamie Grace, Logan Sheppard, Eric Grace, Timothy Stone and Tez Mario A. D. Davis, worked as security officers for Defendants.

## CORPORATE FACTS

18. Defendants are a corporation or business which does business in Mississippi.

19. Defendants employ a staff of 20 full-time employees at any one time.

20. Defendants have operated at the current Mississippi location for several years, employing many dozens of employees over that period of time, due, in part, to normal "turnover" of employees.

21. Plaintiffs estimates that more than 100 employees work for Defendants during the relevant period of time of three years.

## COLLECTIVE ACTION ALLEGATIONS

### The FLSA Collective Action

22. Plaintiffs bring claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of TFL who were, are, or will be employed by TFL during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or were paid at an improper rate of pay for overtime hours and/or not paid for all worked overtime hours.

23. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all employees employed by TFL.

24. Defendants are liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of TFL who have been denied proper payment of the overtime wages at the proper rate of pay. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The

5

similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## STATEMENT OF FACTS

**A.    TFL policies and procedures and Compensation Practices fail to pay proper overtime rate of pay**

25. Plaintiffs were employed by TFL as employees of the Defendants and Plaintiffs worked beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

## FAILURE TO PAY OVERTIME WAGES

26. Defendants has employed 100s of Security Officers in the last three years.

27. Plaintiffs straight time rates of pay varied from $12.00 per hour to $15.00 per hour, often depending on the particular job worked, or even the day of the week.

28. Regardless of what rate of pay was paid, Plaintiffs were paid for most of their overtime hours at straight time rates of pay of $12.00 to $15.00 per hour, rather than the time-and-a-half rates of pay of $18.00 to $22.50 per hour.

29. Plaintiffs also had large amounts of hours shaved from their worked hours.

30. As a single example for notice purposes, Plaintiff Nida had clocked hours of 44 for each week for two weeks, reporting 88 hours in that two-week period. Yet on Plaintiff Nida's pay day on or around November 15, 2023 Plaintiff was paid only 80 hours, shorting Plaintiff Nida 8 hours of overtime, paying no overtime for this two week pay period.

31. Further, Plaintiff Nida also has substantial off-the-clock hours for this same pay period, as Plaintiff was required to arrive, dressed and ready to work at 745 PM each night. She was then required to walk/patrol the security location at which she worked to view the security situation, report any issues and or prepare to be at her post by 8:00 PM and only then to punch-in at 8:00 PM.

32. Thus, Plaintiff Nida worked for fifteen (15) minutes each workday, five or six days a week, off the clock, for 1.25 hours off-the-clock work each week that would have been overtime hours, as Plaintiff reported 44 hours before the off the clock work time.

### UNPAID TRAININGS

33. Defendants also required all security officers, including all the Plaintiffs, to attend and participate in unpaid trainings in full uniform.

34. The unpaid trainings occurred on regular basis; some being firearms qualifications while others were non-fire-arms trainings.

35. Regardless of the subject to the training, the work hours were unpaid, and typically occurred during weeks when the Plaintiffs and collective worked at least forty hours, thus the unpaid work hours for training were unpaid overtime hours.

### TIME SHAVING POLICY OF DEFENDANTS

36. Defendants have a regular practice and policy of shaving work hours.

37. Defendants often seek to excuse this shaving of work hours by claiming shortness of funds.

38. In another example, this example regarding the shaving policy, most of the Plaintiffs worked security for the Hancock County Fair.

39. The Plaintiffs worked six- and seven-day work weeks, working 10–16-hour days each day, for a total of 50-70 hours in each week.

40. Despite working 50-70 hours, the Plaintiffs were paid only 40 hours or just over forty, and the overtime wages paid were paid at straight time, not time-and-a-half.

## INDIVIDUAL LIABILITY

41. Preston Renardo Johnson is named as he is considered an Employer pursuant to the FLSA, in that Defendant Johnson had and used authority to hire, fire, discipline and otherwise supervise Plaintiffs work.

42. Defendant Johnson also created the Defendants policies regarding wages, including causing Plaintiffs to not be paid all overtime wages owed.

43. Defendant Johnson is named as an employer under the FLSA based on his role in day-to-day control over Plaintiffs and/or operations including compensation of the employees including the Plaintiffs.

44. Defendant Johnson supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment; and maintained employment records of the Plaintiffs and collective.

**TFL's Actions were Willful, Knowledgeable and/or
Had Reckless Disregard for FSLA Regulations**

45. TFL required and permitted Plaintiff, and the FLSA Collective, to work more than 40 hours in a week. TFL did not pay Plaintiff and the FLSA Collective the proper overtime rate for overtime hours.

46. TFL unlawful conduct has been uniform, widespread, repeated and consistent.

47. TFL's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

48. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, and/or other state laws.

49. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**

**On Behalf of Plaintiff and All Opt-In
Employees Against Defendant TFL
As a Collective Action
(FLSA Claims, 29 U.S.C. § 201 et seq.)**

50. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

51. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

52. The Collective claims include all employees which Defendants have failed to pay at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

53. At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

54. At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

55. At all relevant times, the work performed by employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendants were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with

Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

56. As a result of the Defendants' willful failure to record or compensate its employees – including Plaintiffs and members of the prospective FLSA Class – employed by Defendants for all hours worked, Defendants have violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

57. As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed by Defendants, including the Plaintiff and members of the prospective FLSA Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

58. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

59. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

60. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

61. Plaintiffs have consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

62. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were employed by Defendants within the meaning of the FLSA.

63. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. Due to Defendants' FLSA violations, Plaintiffs and all FLSA Opt-Ins are entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to

     all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

  B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and United States Department of Labor regulations;

  C. Compensation originating from Defendants' company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

  E. An injunction requiring Defendants to pay all statutorily required wages;

  F. Certification of this case as a Collective action;

  G. Designation of the Plaintiffs as representatives of the Collective, and counsel of record as Collective;

  H. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful;

  I. Attorneys' fees and costs of this action in accordance with FLSA

  J. Consequential damages;

  K. and costs of this action; and

    L. Such other relief as this Court shall deem just and proper.

THIS, the 15th day of December 2023.

               Respectfully submitted,

               <u>/s Louis H. Watson, Jr.</u>
               LOUIS H. WATSON, JR. (MSB#9053)
               NICK NORRIS (MSB#101574)
               Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive, # 365
Flowood, MS 39232
Phone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com